UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **JONATHAN J. GUILLORY**<br>DOC # 703417 | : | **DOCKET NO. 2:21-cv-4192**<br>**SECTION P** |
| **VERSUS** | : | **JUDGE JAMES D. CAIN, JR.** |
| **TIM HOOPER** | : | **MAGISTRATE JUDGE KAY** |

### REPORT AND RECOMMENDATION

Before the court is a petition for writ of habeas corpus (doc. 1) filed by pro se petitioner Jonathan J. Guillory ("petitioner"). The petitioner is an inmate in the custody of the Louisiana Department of Safety and Corrections. The respondent opposes the petition (doc. 13). The petition is now ripe for review.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636. For reasons stated below, **IT IS RECOMMENDED** that all claims be **DENIED** and **DISMISSED WITH PREJUDICE**.

### I.
#### BACKGROUND

*A. Conviction*

On August 7, 2015, petitioner was convicted by a jury on one charge of second-degree murder and on September 9, 2015, he was sentenced to life imprisonment without benefit of parole, probation, or suspension of sentence. Doc. 1, p. 2.

### B. Direct Appeal

Petitioner, through counsel, timely filed a direct appeal in the Louisiana Third Circuit Court of Appeal wherein he alleged insufficient evidence to find him guilty of second-degree murder and that the trial court erred when it denied two of his peremptory challenges for cause and granted the State's *Batson* challenge. *State v. Guillory*, 16-237 (La. App. 3 Cir 11/02/16), 206 So. 3d 1153. The Third Circuit affirmed the conviction and sentence. *Id.* His subsequent supervisory writ to the Louisiana Supreme Court was denied. *State v. Guillory,* 227 So. 3d 823, 2017 La. LEXIS 1942 (La., Sept. 22, 2017).

### C. State Collateral Review

On November 15, 2018, the petitioner filed a pro se Uniform Application for Post-Conviction Relief, raising the issue of ineffective assistance of counsel (doc. 14, att. 25, p. 60-95), which was denied by the trial court on December 13, 2018 (doc. 14, att. 26, p. 28). The petitioner sought further review with the Third Circuit Court of Appeal on January 16, 2019. Doc. 14, att. 29, p. 13-att. 31, p. 10. On June 4, 2021, the petitioner's writ was denied. Doc. 14, att. 31, p. 11. The Louisiana Supreme Court denied his writ application on November 10, 2021. *State v. Guillory*, 2021-01227 (La. 11/10/21), 326 So.3d 1245.

### D. Federal Habeas Petition

The instant petition was filed in this court on December 6, 2021, and raises the following issues: (1) insufficient evidence; and (2) ineffective assistance of counsel. Doc. 1

## II.
## LAW & ANALYSIS

### A. Timeliness

Federal law imposes a one-year limitation period within which persons who are in custody pursuant to the judgment of a state court may seek habeas review in federal court. 28 U.S.C. §

2244(d)(1). This period generally runs from the date that the conviction becomes final. *Id.* The time during which a properly-filed application for post-conviction relief is pending in state court is not counted toward the one-year limit. *Id.* at § 2244(d)(2); *Ott v. Johnson*, 192 F.3d 510, 512 (5th Cir. 1999). However, any lapse of time before proper filing in state court *is* counted. *Flanagan v. Johnson*, 154 F.3d 196, 199 n. 1 (5th Cir. 1998).

A state application is considered pending both while it is in state court for review and also during intervals between a state court's disposition and the petitioner's timely filing for review at the next level of state consideration. *Melancon v. Kaylo*, 259 F.3d 401, 406 (5th Cir. 2001). The limitations period is not tolled, however, for the period between the completion of state review and the filing of the federal habeas application. *Rhines v. Weber*, 125 S.Ct. 1528 (2005). Accordingly, in order to determine whether a habeas petition is time-barred under the provisions of §2244(d) the court must ascertain: (1) the date upon which the judgment became final either by the conclusion of direct review or by the expiration of time for seeking further direct review, (2) the dates during which properly filed petitions for post-conviction or other collateral review were pending in the state courts, and (3) the date upon which the petitioner filed his federal habeas corpus petition.

### B. *Exhaustion and Procedural Default*

Exhaustion and procedural default are both affirmative defenses that may be considered waived if not asserted in the respondent's responsive pleadings. *E.g.*, *Cupit v. Whitley*, 28 F.3d 532, 535 (5th Cir. 1994). However, the federal district court may also consider both doctrines on its own motion. *Magouirk v. Phillips*, 144 F.3d 348, 357–59 (5th Cir. 1998). Therefore, we consider any assertions by respondent under these doctrines, in addition to conducting our own review.

### 1. *Exhaustion of State Court Remedies*

The federal habeas corpus statute and decades of federal jurisprudence require that a petitioner seeking federal habeas corpus relief exhaust all available state court remedies before filing his federal petition. 28 U.S.C. § 2254(b)(1); *e.g.*, *Whitehead v. Johnson,* 157 F.3d 384, 387 (5th Cir. 1998). This is a matter of comity. *Ex parte Royall*, 6 S.Ct. 734, 740–41 (1886). In order to satisfy the exhaustion requirement, the petitioner must have "fairly presented" the substance of his federal constitutional claims to the state courts "in a procedurally proper manner according to the rules of the state courts." *Wilder v. Cockrell*, 274 F.3d 255, 259 (5th Cir. 2001); *Dupuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988). Each claim must be presented to the state's highest court, even when review by that court is discretionary. *Wilson v. Foti*, 832 F.2d 891, 893–94 (5th Cir. 1987). The exhaustion requirement is not satisfied if the petitioner presents new legal theories or entirely new factual claims in support of his federal habeas petition. *Brown v. Estelle*, 701 F.2d 494, 495 (5th Cir. 1983).

In Louisiana the highest court is the Louisiana Supreme Court. *See* LSA–Const. art. 5, § 5(a). Thus, in order for a Louisiana prisoner to have exhausted his state court remedies he must have fairly presented the substance of his federal constitutional claims to the Louisiana Supreme Court in a procedurally correct manner, based on the same general legal theories and factual allegations that he raises in his § 2254 petition.

### 2. *Procedural Default*

When a petitioner's claim is dismissed by the state court based on state law grounds, and those grounds are independent of the federal question and adequate to support the judgment, he may not raise that claim in a federal habeas proceeding absent a showing of cause and prejudice or that review is necessary "to correct a fundamental miscarriage of justice." *Coleman v.*

*Thompson*, 111 S.Ct. 2546, 2553–54, 2564 (1991) (internal quotations omitted). Procedural default exists where (1) a state court clearly and expressly bases its dismissal of the petitioner's constitutional claim on a state procedural rule and that procedural rule provides an independent and adequate ground for the dismissal ("traditional" procedural default) or (2) the petitioner fails to properly exhaust all available state court remedies and the state court to which he would be required to petition would now find the claims procedurally barred ("technical" procedural default). In either instance, the petitioner is considered to have forfeited his federal habeas claims. *Bledsue v. Johnson*, 188 F.3d 250, 254–5 (5th Cir. 1999). This is not a jurisdictional matter, but instead a doctrine "grounded in concerns of comity and federalism." *Trest v. Cain*, 118 S.Ct. 478, 480 (1997). The grounds for traditional procedural default must be based on the actions of the last state court rendering a judgment. *Harris v. Reed*, 109 S.Ct. 1038, 1043 (1989). To serve as adequate grounds for a federally cognizable default, the state rule "must have been firmly established and regularly followed by the time as of which it is to be applied." *Busby v. Dretke*, 359 F.3d 708, 718 (5th Cir. 2004) (internal quotations omitted).

### C. General Principles

When a state court adjudicates a petitioner's claim on the merits, this court reviews the ruling under the deferential standard of 28 U.S.C. § 2254(d). *E.g.*, *Corwin v. Johnson*, 150 F.3d 467, 471 (5th Cir. 1998). That statute provides that a writ of habeas corpus shall not be granted unless the state court's adjudication resulted in a decision that was (1) contrary to clearly established federal law or involved an unreasonable application of that law, or (2) based on an unreasonable determination of the facts in light of the evidence before the state court. 28 U.S.C. § 2254(d). Where a habeas court is faced with an unexplained decision on the merits, it "looks through" that decision to the last related state court decision that provides a relevant rationale and

presumes that the unexplained decision adopts the same reasoning. The respondent may rebut the presumption by showing that the unexplained decision most likely relied on different grounds than the reasoned decision below. *Wilson v. Sellers*, 138 S.Ct. 1188 (2018). Our review, however, ultimately encompasses "only a state court's decision, and not the written opinion explaining that decision." *Maldonado v. Thaler*, 625 F.3d 229, 239 (5th Cir. 2010) (internal quotations omitted); *see also Santellan v. Cockrell*, 271 F.3d 190, 193 (5th Cir. 2001) ("The statute compels federal courts to review for reasonableness the state court's ultimate decision, not every jot of its reasoning.") Even if the state court issues a summary denial of the claim, "the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief." *Harrington v. Richter*, 131 S.Ct. 770, 784 (2011).

The first standard, whether the state court's adjudication was contrary to or involved an unreasonable application of clearly established federal law, applies to questions of law as well as mixed questions of law and fact. The petitioner must demonstrate that the state court's decision was "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington*, 131 S.Ct. at 786–87. A decision is only contrary to clearly established federal law "if the state court applies a rule that contradicts the governing law set forth [by the Supreme Court], or if the state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a [contrary result]." *Bell v. Cone*, 125 S.Ct. 847, 851 (2005) (quotations and citations omitted). As the Court recently emphasized, "circuit precedent does not constitute 'clearly established Federal law, as determined by the Supreme Court.' . . . Nor, of course, do state-court decisions, treatises, or law review articles." *Kernan v. Cuero*, 138 S.Ct. 4, 9 (2017) (internal citation omitted).

The second standard – whether the state court's adjudication was based on an unreasonable determination of the facts in light of the evidence – applies only to questions of fact. It is insufficient for a petitioner to show that the state court erred in its factual determination. Instead, he must demonstrate that the factual determination was objectively unreasonable, a "substantially higher threshold." *Schriro v. Landrigan*, 127 S.Ct. 1933, 1939 (2007). "[A] state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance." *Wood v. Allen*, 130 S.Ct. 841, 849 (2010). Instead, a presumption of correctness attaches to the state court's factual determinations and the petitioner must rebut this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

## III.
### LEGAL ANALYSIS

### A. *Timeliness*

Guillory's conviction became final on December 21, 2017, when his 90-day window for seeking review in the United States Supreme Court expired. *Roberts v. Cockrell*, 319 F.3d 690, 693-695 (5th Cir. 2003). Accordingly, **328 days** accrued against § 2244(d)'s one year limitations period before he filed his application for post-conviction relief in the trial court on November 15, 2018. The limitations period was then tolled until the Louisiana Supreme Court's decision on November 10, 2021, and an additional **26 days** accrued against the one-year limit before Guillory filed his federal habeas petition on December 6, 2021. Therefore, a total of **354 days** accrued against the one-year limit and the matter is timely.

### B. *Exhaustion and Procedural Default*

Finding that the application was timely, we next apply the doctrines of exhaustion of state court remedies and procedural default in order to determine whether we can proceed to the merits of the claim.

Upon our review of the appellate record, we find that plaintiff properly sought review on the sole issue of jury misconduct/jury bias at every level of the state court in his post-conviction proceedings. He has therefore exhausted his state court remedies. In addressing the merits of the claim now raised in his federal habeas petition, the state court found no procedural defects and denied the claim on the merits. Therefore, we find no grounds for procedural default.

### C. *Merits Consideration*

**1. The State Court's Erred Finding the Evidence Presented At Trial Was Sufficient To Support The Conviction, In Violation Of The Sixth And Fourteenth Amendment To The Constitution**

Petitioner first claims that there was not sufficient evidence to convict him of second-degree murder because he lacked specific intent to kill the victim, Felton (Paul) Boutte.

#### a. Law

The appropriate standard for consideration of a claim of insufficient evidence is found in *Jackson v. Virginia*, 99 S. Ct. 2781 (1979). Under *Jackson*, a federal habeas court addressing an insufficiency of the evidence claim must determine, after viewing the evidence in the light most favorable to the prosecution, whether a rational trier of fact could have found that the essential elements of the crime were proven in the state court proceeding beyond a reasonable doubt. *Id*. at 319; *Williams v. Cain*, 408 F. App'x 817, 821 (5th Cir. 2011); *Perez v. Cain*, 529 F.3d 588, 594 (5th Cir. 2008). Thus, to determine whether the commission of a crime is adequately supported by the record, the Court must review the substantive elements of the crime as defined by state law. *Perez*, 529 F.3d at 594 (citing *Jackson*, 443 U. S. at 324 n. 16).

In *Young v. Guste*, 849 F.2d 970 (1988), the Fifth Circuit noted that a federal habeas court's sufficiency of the evidence analysis is restricted to "review of the record evidence adduced at trial."

*Young*, 849 F.2d at 972.  In *Coleman v. Johnson*, 132 S.Ct. 2060 (2012), the United States Supreme Court elaborated on claims made under *Jackson v. Virginia*:

> We have made clear that *Jackson* claims face a high bar in federal habeas proceedings because they are subject to two layers of judicial deference. First, on direct appeal, 'it is the responsibility of the jury—not the court—to decide what conclusions should be drawn from evidence admitted at trial. A reviewing court may set aside the jury's verdict on the ground of insufficient evidence only if no rational trier of fact could have agreed with the jury.' *Cavazos v. Smith*, 132 S.Ct. 2, 4 (2011) (per curiam). And second, on habeas review, 'a federal court may not overturn a state court decision rejecting a sufficiency of the evidence challenge simply because the federal court disagrees with the state court. The federal court instead may do so only if the state court decision was 'objectively unreasonable.'' *Ibid.* (quoting *Renico v. Lett*, 130 S.Ct. 1855, 1862, (2010)).

132 S.Ct. at 2062.  Thus, the standard to be applied by this Court when conducting a sufficiency of evidence analysis on federal habeas review is in fact "twice-deferential."  *Parker v. Matthews*, 132 S.Ct. 2148, 2152 (2012).

The sufficiency of the evidence analysis employed by Louisiana courts is the same used by federal courts, *Jackson v. Virginia, supra.*; *State v. Bishop*, 835 So.2d 434, 437 (La. 2003). Louisiana's Third Circuit Court of Appeal set forth the proper state and federal court analysis of a sufficiency of the evidence claim in *State v. Lambert*, 720 So.2d 724 (La. App. 3 Cir. 1998) where it stated:

> When the issue of sufficiency of evidence is raised on appeal, the critical inquiry of the reviewing court is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307(1979); *State ex rel. Graffagnino v. King*, 436 So.2d 559 (La.1983); *State v. Duncan*, 420 So.2d 1105 (La.1982); *State v. Moody*, 393 So.2d 1212 (La.1981). It is the role of the fact finder to weigh the respective credibility of the witness. Therefore, the appellate court should not second-guess the credibility determination of the trier of fact beyond the sufficiency evaluations under the *Jackson* standard of review. See *King*, 436 So.2d 559, citing *State v. Richardson*, 425 So.2d 1228 (La.1983).

720 So.2d at 726-27.

. The Fifth Circuit has noted that "[t]he *Jackson* inquiry 'does not focus on whether the trier of fact made the correct guilt or innocence determination, but rather whether it made a rational decision to convict or acquit.'" *Santellan v. Cockrell*, 271 F.3d 190, 193 (5th Cir. 2001) citing *Herrera v. Collins*, 113 S. Ct. 853, 861 (1993). The federal habeas court must evaluate a sufficiency of the evidence challenge "with explicit reference" to the substantive state law elements of the criminal offense and should "give great weight to the state court's determination." *Foy v. Donnelly*, 959 F.2d 1307, 1313-14 (5th Cir. 1992), quoting *Jackson v. Virginia*, 443 U.S. at 323 n. 16; *Gibson v. Collins*, 947 F.2d 780, 782, 786 (5th Cir. 1991); *Poretto v. Stalder*, 834 F.2d 461, 467 (5th Cir. 1987).

In this matter, the petitioner was convicted of second-degree murder. Under Louisiana law, second-degree murder, in relevant part, is the killing of a human being when the defendant had a specific intent to kill or to inflict great bodily harm. La. R.S. 14:30.1. On federal habeas review, the substantive state law "defines the elements of the crime that must be proved." *Bujol*, 713 F.2d at 115.

Specific intent is defined as "that state of mind which exists when the circumstances indicate that the offender actively desired the prescribed criminal consequences to follow his act or failure to act." La. R.S. 14:10(1). Specific intent may be formed in an instant. *State v. Mickelson*, 2012-2539 (La. 09/03/14), 149 So.3d 178, 183, citing *State v. Cousan*, 94-2503, p. 13 (La. 11/25/96), 684 So.2d 382, 390. In *State v. Jones*, 2003-0180 (La.App. 3 Cir. 09/10/03), 855 So.2d 408, the Third Circuit Court of Appeal held that specific intent is a state of mind that does not need to be proven as a fact; instead, it can be inferred from the defendant's actions and the case's circumstances. *Jones*, 855 So.2d at 534. The *Jones* court continued: "Further, specific intent is an

ultimate legal conclusion to be resolved by the factfinders." *Id*. Louisiana courts have repeatedly held that aiming a firearm directly at a victim is indicative of intent to kill or intent to inflict great bodily harm. *State v. Seals*, 95-0305 (La. 11/25/96), 684 So.2d 368; *State v. Jack*, 596 So.2d 323, 326 (La.App. 3 Cir. 1992); *State v. Reed*, 2000-1537 (La.App. 3 Cir. 3/6/02), 809 So.2d 1261, 1266.

### b. Application

Facts adduced at trial show that petitioner, Jonathan Guillory, was dating Tanaga Gaines and the two had a young daughter together named Gynesis. The deceased, Felton Paul Boutte, had been married to Gaines' mother, Lashonda Boutte for twenty-four years.

Mrs. Boutte testified that she and her husband took care of Gynesis as much as they could because they were concerned about plaintiff's lifestyle and drug use. *State v. Guillory*, 16-237 (La. App. 3 Cir 11/02/16), 206 So. 3d 1153, 1156. On February 6, 2014, following a series of heated text message exchanges, Mr. Boutte went to the home of plaintiff and Ms. Gaines' and confronted plaintiff in his living room with concerns about his parenting. *Id*. The argument became physical. Plaintiff went down a hallway, retrieved a gun, and returned to the living room where he shot Mr. Boutte three times. *Id*.

On appeal, plaintiff argued that he acted on impulse and that the circumstances surrounding the death of Mr. Boutte indicate that the offense was committed in sudden passion, or the heat of blood immediately caused by provocation sufficient to deprive a man of his self-control and cool reflection. *Id*. Thus, he argues, plaintiff lacked the specific intent necessary to be found guilty of second-degree murder and that he could only be found guilty of manslaughter.

To this argument, The Third Circuit found:

> The fist fight had already terminated before the shooting occurred. Additionally, an argument alone is not "sufficient provocation in order to

> reduce a murder charge to manslaughter." *State v. Miller,* 98-642, p. 10 (La.App. 3 Cir. 10/28/98), 720 So.2d 829, 834, writ denied, [Pg 5] 98-3119 (La. 5/14/99), 741 So.2d 659. Family members were attempting to calm and separate the two men. Furthermore, Mr. Guillory walked away from Mr. Boutte and retrieved a gun from his bedroom or a box in the hallway, and then walked back into the living room. Following the shooting, Mr. Guillory appeared calm and stood talking to people until the police arrived. He did not exhibit the behavior of someone who had just shot his girlfriend's stepfather in sudden passion or heat of blood. During the police interrogation, Mr. Guillory detailed how Mr. Boutte attacked him and kicked him when he was down, but there was no evidence of such an attack.
>
> Viewed in the light most favorable to the prosecution, the evidence was insufficient for the jury to infer the mitigating factors for heat of blood or sudden passion. Aiming a gun directly at a victim and pulling the trigger supports a finding of specific intent to kill or inflict serious harm to the victim. *State v. Lawson*, 08-123 (La.App. 5 Cir. 11/12/08), 1 So.3d 516. Here, Mr. Guillory pointedly left the room, returned with a gun, and shot Mr. Boutte three times, apparently while Mr. Boutte was attempting to flee. The Calcasieu Parish Coroner, Dr. Terry Welke, a medical doctor and forensic pathologist, conducted the autopsy on Mr. Boutte's body. Dr. Welke testified that one gunshot entered Mr. Boutte's lower back and exited in the groin area. One gunshot entered Mr. Boutte's left waist area and exited the right thigh, and finally, the third bullet went through Mr. Boutte's right arm, entering the backside of the arm. The gunshot wounds were primarily in Mr. Boutte's back and left side, suggesting that he was attempting to escape when Mr. Guillory began shooting him. We agree with the trial court that the State proved Mr. Guillory committed the offense of second degree murder beyond a reasonable doubt.

*Id*. at 1156-57.

Viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found that the essential elements of the crime were proven in the state court proceeding beyond a reasonable doubt. *Jackson, supra*. When this Court reviews that decision through the additional deference due the state court's decision under Section 2254(d), habeas relief is not permitted. Even if a jury could have interpreted the evidence in the fashion that petitioner suggests, his jury made a reasonable decision that the evidence instead proved that petitioner was guilty as

charged. The state court's review of the jury's verdict was based on a reasonable assessment of the evidence and application of *Jackson*, so habeas relief is not permitted.

### 2. Ineffective Assistance of Counsel

Guillory also argues that he was denied effective assistance of counsel from his trial attorney for various reasons.

#### a. Law

Claims of ineffective assistance of counsel are gauged by the guidelines set forth by the Supreme Court in *Strickland v. Washington*, 104 S.Ct. 2052 (1984). Under *Strickland*, a petitioner must demonstrate: (1) that his counsel's performance was deficient, requiring a showing that the errors were so serious such that he failed to function as "counsel" as guaranteed by the Sixth Amendment, and (2) that the deficiency so prejudiced the defendant that it deprived him of a fair trial. *Id*. at 2064. The first prong does not require perfect assistance by counsel; rather, petitioner must demonstrate that counsel's representation fell beneath an objective standard of reasonableness. *Id*. Judges have been cautioned towards deference in their review of attorney performance under *Strickland* claims in order to "eliminate the potential distorting effect of hindsight." *Rector v. Johnson*, 120 F.3d 551, 563 (5th Cir. 1997) (quoting *Strickland*, 104 S.Ct. at 2065) (quotations omitted). Accordingly, the court should "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*.

The second prong requires the petitioner to show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 104 S.Ct. at 2055-56. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. at 2056. In other words, the petitioner must show prejudice great enough to create a substantial, rather than conceivable, likelihood of a different result. *Pape v.*

*Thaler*, 645 F.3d 281, 288 (5th Cir. 2011) (quoting *Cullen v. Pinholster*, 563 U.S. 170, (2011)). "Both of [Strickland's] prongs must be proven, and the failure to prove one of them will defeat the claim, making it unnecessary to examine the other prong." *Williams v. Stephens*, 761 F.3d 561, 566-67 (5th Cir. 2014).

### b. *Application*

In the matter before this Court, Guillory asserts that trial counsel was ineffective (1) where he failed to object to prosecutorial misconduct; (2) where he failed to object when the prosecutor elicited opinion evidence infringing on the jury's role as a factfinder and vouched for the credibility of the witnesses; (3) where he failed to object to the prosecutor mischaracterized the evidence; (4) where he failed to object when the prosecutor appealed to passion and prejudice in closing and; (5) where the prosecutor elicited promises and commitments from prospective jurors. Doc. 1, p. 5.

It is longstanding jurisprudence that counsel is not required to make futile motions or objections. *Koch v. Puckett*, 907 F.2d 524, 527 (5th Cir. 1990). "Improper remarks by a prosecutor are a sufficient ground for habeas relief only if they are so prejudicial that they render the trial fundamentally unfair." *Hughes v. Quarterman*, 530 F.3d 336, 347 (5th Cir. 2008) citing *Harris v. Cockrell*, 313 F.3d 238, 245 (5th Cir. 2002). "Such unfairness exists only if the prosecutor's remarks evince either persistent and pronounced misconduct or … the evidence was so insubstantial that (in probability) but for the remarks no conviction would have occurred." *Id*. (internal quotation marks and citation omitted). The State argues, and the Court agrees, that petitioner does not meet that burden.

In addressing petitioner's ineffective assistance of counsel claims, the trial court held,

> The Court does not believe that the Petitioner's attorney's 'performance was deficient and that he was prejudiced by the deficiency.' Additionally, courts

> have 'recognized that if an alleged error falls 'within the ambit of trial strategy' it does not 'establish ineffective assistance of counsel.'

Trial Court Order denying Application for Post-Conviction Relief, doc. 14, att. 26, p. 78 (internal citations omitted). The Third Circuit held that the trial court did not err in denying Guillory's post-conviction application. Doc. 14, att. 26, p. 98.

The state court's ruling finding that the petitioner did not receive ineffective assistance of counsel was not "contrary to" the governing law set forth by the Supreme Court for ineffective assistance of counsel cases in this case. The petitioner has not shown that the state court's ruling was "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 131 S.Ct. 770, 786-87 (2011). Therefore, applying the deferential standard of review imposed by AEDPA, the state habeas court did not unreasonably apply *Strickland* and habeas relief is not warranted. These claims have no merit.

## IV.
### CONCLUSION

Based on the foregoing, **IT IS RECOMMENDED** that the instant petition be **DENIED** and **DISMISSED WITH PREJUDICE**.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service shall bar an aggrieved party from attacking either the factual findings or the legal

conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 14th day of March, 2023.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE